### In re TRUM.

(District Court, W. D. Missouri, W. D.    October 2, 1912.)

### No. 412.

1. ALIENS (§ 60*)—CITIZENSHIP—TERMS.

Every state in general has the right to prescribe the terms on which it will admit aliens to citizenship, and compliance with 'those terms is a condition precedent to the power of the court to enter its decree.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 117, 118; Dec. Dig. § 60.*]

2. ALIENS (§ 62*)—NATURALIZATION—CITIZENSHIP—"GOOD MORAL CHARACTER."

Petitioner's application for citizenship was verified by a saloonkeeper, and declared on oath that petitioner's occupation was that of clerk. An investigation disclosed that he was a bartender for one of the witnesses verifying the application. Petitioner admitted that in 1908, within five years prior to the filing of the petition, he had been convicted in Kansas of violating the liquor law, and was arrested for selling liquor illegally in violation of an injunction; that he was sentenced to 30 days in jail and to pay a fine of $100, but that he was paroled; and that the parole had terminated. *Held*, that such conduct showed a willful disregard, not only of the laws of the state, but of the orders of the court, and that he was therefore not entitled to citizenship, under Naturalization Act June 29, 1906, c. 3592, § 4, 34 Stat. 596 (U. S. Comp. St. Supp. 1911, p. 529), requiring that the applicant for five years shall have behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 123–125; Dec. Dig. § 62.*

For other definitions, see Words and Phrases, vol. 4, p. 3124.

Citizenship under state and federal laws, see note to City of Minneapolis v. Reum, 6 C. C. A. 37.]

In the matter of the petition of William Trum to be admitted as a citizen of the United States. Application denied, and proceeding dismissed.

Hugh C. Smith, Asst. U. S. Atty., of Kansas City, Mo., for the United States.

VAN VALKENBURGH, District Judge. February 6, 1912, the applicant, William Trum, filed his petition for naturalization in the United States District Court at Kansas City, Mo. The petition was verified by Herman Trum, saloonkeeper, and John Trum, a retired saloonkeeper. Therein Mr. Trum declared on oath that his occupation was that of clerk. The investigation made in his case showed that he was at the time of the filing of his petition, and is now, a bartender for his witness, Herman Trum.

This petition came on for hearing July 1, 1912, when its dismissal was moved by the United States on the ground that the applicant had not behaved as a man of good moral character for the period of at least five years prior to the date of his application. It was shown

at the hearing, and admitted by the applicant, that Trum was convicted during the year 1908, at Leavenworth, Kan., and within five years of the filing of his petition herein, of violating the liquor laws of that state. Under the laws of the state of Kansas an injunction had previously been granted by proper judicial authority against the sale of intoxicating liquor in the building in which Trum was doing business. This injunction was in force at the time of the alleged violation and the subsequent arrest. For his offense Trum received a sentence of 30 days in jail and a fine of $100. All this was admitted by the applicant at the hearing, but he suggested in avoidance that he had been paroled following his conviction, and, as the parole had now terminated, such conviction could not now be urged against him.

The fourth subdivision of section 4 of the Naturalization Act requires, among other things, that:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he had resided continuously within the United States five years at least, * * * and that during that time he had behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

[1, 2] It is fundamental that every state has, in general, the right to prescribe the terms upon which it will admit aliens to citizenship, and compliance with these terms is a condition precedent to the power of the court to enter its decree. As governing this case, Congress has provided that it shall be made to appear to the satisfaction of the court that during the five years immediately preceding the date of application the applicant shall have behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same. What, then, constitutes good moral character, within the meaning of the Naturalization Act? The question has been infrequently discussed by the courts. Cases involving conduct evil in itself would present little difficulty. Discussion arises where the offense is merely malum prohibitum. In the case of In re Spenser, 5 Sawyer, 195, Fed. Cas. No. 13,234, perjury is cited as falling within the former class, and an isolated case of the prohibited sale of spirituous liquors as belonging to the latter. Concerning this, however, the court says:

"And yet it is clear that anything like habitual gaming or vending of liquors under such circumstances would constitute bad behavior—immoral behavior—and be a bar under the statute to admission to citizenship."

Such, I think, must be the thoughtful view of any court. The laws of the state of Kansas prohibit the local sale of spirituous liquors. The courts of that state, when appealed to, enjoin such sales upon specific premises. The applicant, by engaging in such business in that state and upon such premises, exhibited a willful disregard, not only for the laws of the state, but the orders of the court. His act was that of the lawbreaker—not of one well disposed to the good order and happiness flowing from attachment to the principles of the Constitution of the United States. The court is not satisfied that such is

the behavior of a man of good moral character. Defiance of the established order, and of the mandates of legal tribunals declaratory thereof, constitutes bad citizenship, bad behavior, and, if willfully persisted in, indicates a perverted moral character. It may well be doubted if a tendency in this direction would not menace the public welfare more than individual cases of immoral conduct as commonly understood. No court would directly set the seal of its approval or condonation upon such behavior, nor should it do so by indirection. A subsequent parole, like a subsequent pardon, does not obliterate the offense, but merely abates the penalty imposed under the law that has been violated.

I am therefore of the opinion that this application should be denied; but, inasmuch as the law does not impose a permanent disability, but only for the five-year period expressly stated, the denial is without prejudice to another application when time has removed the disqualification. An order will be entered accordingly.