### GAZZOLA v. COMMANDING OFFICER OF FT. TOTTEN, BAYSIDE, LONG ISLAND, N. Y.

#### (District Court, E. D. New York. March 6, 1918.)

1. ALIENS ⬅68—NATURALIZATION—GOOD MORAL CHARACTER—REAPPLICATION.

> While admission to citizenship may be denied, if the applicant does not show that he has behaved as a person of good moral character and attached to the principles of the United States for more than five years preceding his application, the denial of an applicant's petition for admission to citizenship on the ground of an illegal sale of intoxicating liquor does not preclude him from thereafter reapplying for admission.

2. ARMY AND NAVY ⬅20—SELECTIVE DRAFT—DECLARANT ALIENS.

> An alien, who had filed declaration of intention more than seven years ago, and whose petition for admission to citizenship was denied on the ground that he illegally sold intoxicating liquor, is still a declarant, within Selective Draft Act May 18, 1917, c. 15, 40 Stat. 76, for he might renew his declaration of intention, and the fact that he made an illegal sale of liquor would not preclude a subsequent petition for admission.

Habeas Corpus. In the matter of the application of Valentino Gazzola for a writ of habeas corpus against the Commanding Officer of Ft. Totten, Bayside, Long Island, N. Y. Writ dismissed, and relator remanded.

James A. Timony, of New York City, for petitioner.
Melville J. France, U. S. Atty., of Brooklyn, N. Y., for respondent.

CHATFIELD, District Judge. The petitioner is an Italian, who filed a declaration of intention on November 23, 1909. His application for final papers was denied on January 30, 1915, upon the ground, as stated by the petitioner, that he "had broken the law in selling liquor illegally." He therefore claims that he has lost the right to become a citizen of the United States and can be considered no longer a declarant. The petition alleges that this was called to the attention of the local board, that they neglected to give him any hearing, and, without other proof than his own affidavit, certified him for service. This decision was affirmed on appeal by the district board, and the petitioner is in the National Army at Ft. Totten, in this district.

[1, 2] This case differs in no essential particular from the Case of Bartalini (D. C.) 248 Fed. 997. It should be stated, however, that this man, on his own statement to the local board, did not show that he had lost the rights of a declarant. Admission to citizenship may be denied, if the applicant does not show that he has behaved as a

person of good moral character and attached to the principles of the Constitution of the United States during five years next preceding his application.

It has been held that conviction and sentence for a felony, or proof of acts showing such moral character as to justify the finding that the applicant should not be found eligible for citizenship at any time, is a sufficient reason for denial, even if the act considered occurred prior to the five-year period. But there is nothing in the Naturalization Law (Act June 29, 1906, c. 3592, 34 Stat. 596) which says in so many words that a man cannot become a citizen because of a charge of selling liquor illegally. Conviction on such a charge, or proof of guilt, without a previous trial, might require a period of five years' correct behavior thereafter; but a denial of citizenship for that reason will not of itself prevent the applicant from ever reapplying.

The petitioner states that he learned that his application for citizenship had been denied upon the 17th of March, 1916. He then had until the 23d of November, 1916, within which to make a second application upon his original first papers. After that he could renew his declaration of intention, and there seems to be no reason to suppose that he could not, at some future time, become a citizen. He is in all respects, therefore, in the same position as that of the relator in the Bartalini Case, above cited.

The writ will be dismissed, and the relator remanded.