### In re BONNER.

(District Court, D. Montana. February 6, 1922.)

No. 51.

1. Aliens ⬤62—Conduct of applicant must be good between date of petition and date of hearing.

The date of the application for admission to citizenship, prior to which the applicant must establish his good conduct, under Naturalization Act, § 4, subd. 4 (Comp. St. § 4352, subd. 4), is not limited to the day the petition is filed, but includes the day of hearing, so that the court can consider misconduct by the applicant between the time of filing the petition and the hearing.

2. Aliens ⬤68—Specific acts by applicant for naturalization are admissible to show conduct was not good.

The inquiry or proof in naturalization proceedings is not as to the good reputation of the applicant, but as to his good behavior as an index of actual moral character, so that specific acts of bad behavior are material and competent.

3. Aliens ⬤62—Maintaining nuisance for sale of liquor disqualifies applicant for citizenship.

Maintaining a common nuisance, within the meaning of the National Prohibition Act, by keeping a building wherein intoxicating liquors were unlawfully kept and sold, is the gravest of the offenses denounced by the National Prohibition Act, and is a direct violation of the Eighteenth Amendment to the Constitution, so as to show that the applicant for naturalization, who was guilty of maintaining such nuisance, was not attached to all of the principles of the Constitution, and was not qualified for citizenship.

Petition by Cornelius Bonner to be admitted as a citizen of the United States. Petition denied.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John L. Slattery, U. S. Atty., and Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont., for the United States.

George Bourquin, of Butte, Mont., for Bonner.

BOURQUIN, District Judge. Intermediate Bonner's petition filed for citizenship and hearing upon it, Bonner and another were joined in an information herein charging maintenance of a common nuisance, a building wherein intoxicating liquors were unlawfully kept and sold, of a date subsequent to his petition or application, and they pleaded not guilty. At the hearing aforesaid, Bonner's qualifications for citizenship were proven, save in so far as the charge aforesaid might impeach, and his application was taken under advisement. Later he and his codefendant changed their pleas to guilty, and were sentenced to fine and imprisonment.

The circumstances developed are that he was proprietor of a "soft drink" establishment, formerly a saloon; that his codefendant was his employee therein; that at the time charged they had made sales of moonshine whisky, and in and about the building were seized several gallons of said liquor, the property of Bonner. Gauged by penalties, the said offense is the gravest of those denounced by the National Prohibition Act (41 Stat. 305). Naturalization Act, § 4, subd. 4 (Comp. St. § 4352, subd. 4), provides that as a condition precedent:

"It shall be made to appear to * * * the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, * * * and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

In Bonner's behalf it is now earnestly argued with ability and some plausibility: (1) That he made proof of behavior as a man of good moral character for five years before his application, as the statute provides; (2) that subsequent behavior is not material, and so his violation of the Prohibition Act should not be taken into account; (3) that good moral repute cannot be impeached by specific acts; (4) that his offense is a mere misdemeanor, only malum prohibitum, involves no moral turpitude, only violates a new law that interferes with immemorial appetites, customs, and business, is without dominant public opinion in its support, and which at the time was violated generally and in Butte specially, by innumerable otherwise good and respectable citizens, and with no particular consequences by way of reproach or condemnation. The first, third, and fourth may be conceded arguendo; the second not.

[1] The "date of his application" is not limited to the day the petition is filed, but includes the day of hearing. In any case, it would be too narrow, and a sticking in the bark, to construe the statute to foreclose inquiry into the applicant's behavior subsequent to the date petition filed. Some months elapse to hearing, and clearly therein he is not licensed to behave unlike a man of good moral character and despite it secure admission to citizenship. His conduct immediately after petition filed, more truly than witnesses' testimony, may disclose his char-

acter before it was filed. Was the offense here arson, robbery, or murder, the argument would not be advanced, and yet the principle would be unchanged.

[2] The inquiry or proof goes not to good reputation, wherein specific acts are not admissible, but is good behavior as an index of actual moral character. Hence acts of bad behavior are material and competent.

[3] In respect to the quality of Bonner's offense to debar him from citizenship, counsel cites In re Hopp (D. C.) 179 Fed. 561, wherein keeping open a saloon and selling beer, in Milwaukee, in violation of an ancient and unenforced Sunday closing law, was held insufficient to deny citizenship. In re Trum (D. C.) 199 Fed. 361, is practically otherwise, and, even if Hopp's Case be sound, in view of its circumstances, it has been criticized and never followed. See U. S. v. Gerstein, 284 Ill. 174, 119 N. E. 922, 1 A. L. R. 318; Gazzola's Case (D. C.) 248 Fed. 1001.

Bonner's offense is not at all like Hopp's. Bonner's involves no casual or fugitive isolated sale, but a planned and calculated carrying on the business of unlawful sales of intoxicants to the extent of a common nuisance. It involves a series of criminal acts and criminals, viz. manufacture, transportation, keeping, sale, and purchase, all crimes and many criminals.

Furthermore, it is not the usual police regulation violated. It is an act of Congress to administer the new principle of the federal Constitution, prohibition. All this is new and known of all men. Hence violation of it is consciously and deliberately in subversion of the principles of the Constitution, and to which it must be proven the applicant it attached, before admitting him to citizenship. Obviously Bonner is not attached to this principle of the Constitution, and he must be to the extent that he will obey and support it until, if ever, abrogated, before he can be admitted. It is not enough to be attached to some of the principles of the Constitution. There must be proof of attachment to all of them, including that of prohibition. Violating this law breeds disorder and unhappiness, and in circumstances here indicates the offender is not "well disposed to the good order and happiness" of nation and people.

The proof before the court is insufficient to sustain a finding that Bonner is qualified for citizenship as before set out in the Naturalization Act, and his petition is denied. If he desires the honor of American citizenship, he must earn it, and can, by proper conduct for five years after his offense aforesaid.