## UNITED STATES v. MILDER.

(Circuit Court of Appeals, Eighth Circuit.    October 21, 1922.)

### No. 5742.

1. Aliens ⚛═71½—Opposition to petition does not bar action to cancel naturalization.

The methods of securing compliance with naturalization requirements. given the government by Naturalization Act June 29, 1906, §§ 11, 15 (Comp. St. §§ 4370, 4374), respectively giving the right to oppose naturalization petition and the right to institute proceedings to cancel naturalization certificates as fraudulently or illegally procured, are cumulative, and the appearance and participation of the United States, under section 11, in the hearing on the petition, is not a bar to subsequent resort to the action authorized by section 15.

2. Aliens ⚛═71½—Action to cancel naturalization certificate not appeal from granting of certificate.

Action under Naturalization Act June 29, 1906, § 15 (Comp. St. § 4374), to cancel naturalization certificate as fraudulently or illegally procured, is not an appeal from or review of the proceedings on the petition, but is an independent action, and therefore cannot be permitted to perform the office of an appeal, by retrying such minor questions as the propriety of the rulings of the naturalization court granting the certificate on the competency or weight of evidence or credibility of witnesses, or mere irregularities in procedure.

3. Aliens ⚛═71½—Naturalization certificate "illegally procured," where judge granting it denied the government the right to introduce evidence of applicant's keeping assignation house.

Where the court granting naturalization certificate denied the United States the right given by Naturalization Act June 29, 1906, § 11 (Comp. St. § 4370), to introduce evidence as to applicant's moral character, which tended to show that he had been keeper of an assignation house and violated the state law as to sale of intoxicants, the certificate was "illegally procured," within section 15 (Comp. St. § 4374), and was subject to attack by action under that section.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Action by the United States to cancel decree and naturalization certificate of Harry B. Milder. From dismissal of the bill, the United States appeals.    Reversed and remanded.

Edward W. Tobin, U. S. Naturalization Examiner (T. S. Allen, U. S. Atty., of Lincoln, Neb., on the brief), for the United States.

Albert S. Ritchie, of Omaha, Neb., for appellee.

Before HOOK and STONE, Circuit Judges, and TRIEBER, District Judge.

STONE, Circuit Judge.    This is an action, under section 15 of the Naturalization Act (34 Stat. L. 601 [Comp. St. § 4374]), to cancel the decree and certificate of naturalization of Harry B. Milder, on the ground of fraudulent and illegal procurement.    From a dismissal of the bill this appeal is brought.

The naturalization proceedings were in a state district court of Nebraska.    Thereat, appeared a naturalization examiner who presented

affidavits tending to show that the applicant was a person of bad moral character, within the statutory meaning, having been keeper of an assignation house and engaged in violations of the state law governing sale of intoxicants. The examiner desired to present oral evidence in support of this contention but was denied the right so to do, the court saying that he thought he understood the contention and did not care to hear further evidence along that line.

To the present bill, Milder answered with a general denial and a plea in bar based upon the adjudication in the state court. The trial court sustained the plea in bar, denying appellant the right to introduce evidence of bad character, and dismissed the bill.

[1] The question here presented is whether or not the adjudication in the state court is final and secure from attack under section 15 of the Naturalization Act. Several points are presented in argument but we deem one of them decisive. Sections 11 (34 Stat. 599 [Comp. St. § 4370]) and 15 (34 Stat. 601) provide the methods designed by Congress to secure compliance with the naturalization requirements set forth in that statute and to afford protection against fraudulent or illegal naturalization. Section 11 gives the United States the right to appear before any court of naturalization; to cross-examine petitioner and his witnesses and "to call witnesses, produce evidence, and be heard in opposition to the granting of any petition in naturalization proceedings." Section 15 gives the right to institute proceedings to cancel certificates of naturalization "on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

[2, 3] These methods are "cumulative." U. S. v. Ness, 245 U. S. 319, 327, 38 Sup. Ct. 118, 62 L. Ed. 319. The appearance and participation of the United States, under section 11, in the hearing upon the petition is in no sense a bar to a subsequent resort to the action authorized by section 15. But the latter action is in no sense an appeal from or review of the proceedings upon the petition. It is an independent action based upon fraud or illegality in the procurement of the certificate. Therefore, it cannot be permitted to perform the office of an appeal by retrying such "minor questions" as the propriety of the rulings of the naturalization court on the "competency or weight of evidence or the credibility of witnesses, or mere irregularities in procedure." U. S. v. Ness, 245 U. S. 319, 325, 38 Sup. Ct. 118, 62 L. Ed. 319. But without this narrow exception, section 15 is applicable wherever the certificate is alleged to have been obtained by fraud or illegality. U. S. v. Ness, 245 U. S. 319, 38 Sup. Ct. 118, 62 L. Ed. 321; United States v. Ginsberg, 243 U. S. 472, 37 Sup. Ct. 422, 61 L. Ed. 853; Johannessen v. U. S., 225 U. S. 227, 32 Sup. Ct. 613, 56 L. Ed. 1066.

Here the court, granting the certificate, denied the United States the specific right given by section 11 to introduce witnesses upon a matter vital to the issue of naturalization papers. If the petitioner was guilty of keeping an assignation house or of violating the police laws of a state, he was not of that "moral character" required by the Naturalization Act and the court could not legally decree naturalization. Here, the court refused to hear evidence upon these points and there-

after proceeded to decree naturalization. This was improper, a denial of the express statutory rights of the United States in such proceedings and the certificate issued thereunder was "illegally" procured within the meaning of section 15.

The case is reversed and remanded for trial in accordance herewith.

Judge HOOK concurred in the above disposition of this case but died before this opinion was prepared.