### Ex parte ELSON.

(District Court, W. D. Texas, El Paso Division.  May 2, 1924.)

No. 1945.

Aliens ⊜⇒62—Proprietor of saloon in other country not entitled to naturalization.
    Proprietor of saloon in city in Mexico separated from city in United
    States by river, and connected by bridges over which street railroads,
    vehicles, and pedestrians constantly pass, who sold intoxicating liquors
    to residents of city in United States, *held* not entitled to naturalization,
    under Naturalization Act, § 4, par. 4 (Comp. St. § 4352), in view of Const.
    Amend. 18, and National Prohibition Act (Comp. St. Ann. Supp. 1923, §
    10138¼ et seq.).

Petition by Charles Elson for naturalization.  Denied.

SMITH, District Judge.  The petition of Charles Elson for naturalization is denied upon the sole ground that it has not been made to appear to the satisfaction of the court, as required by paragraph 4 of section 4 of the Naturalization Act (Comp. St. § 4352), that during the five years immediately preceding the date of his application "he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."  The testimony shows that petitioner is now, and was at the time of filing his petition, and prior thereto, engaged in the saloon business in Juarez, a city in the republic of Mexico just across the Rio Grande from El Paso, Tex.; that the two cities are separated only by the river, and connected by bridges over which street railways, vehicles of all sorts, and foot passengers are constantly crossing, except during certain hours at night; and that the petitioner's saloon in Juarez, where intoxicating liquors are kept for sale, is patronized by residents of El Paso, as well as those of Juarez.

The Eighteenth Amendment to the Constitution of the United States prohibits the sale of intoxicating liquors within the United States, and the Congress has passed a law, the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), to carry the amendment into effect.  Thus prohibition of the sale of intoxicating liquors is a principle of our Constitution and the policy of our laws; and I do not believe a person who sets up a place for selling intoxicating liquors just beyond our boundary line, to be patronized by our own people, and where he can escape the criminal provisions of our laws, can be said to behave as a man of good moral character, or that he is attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same.  While he does not violate our Constitution, nor our law, he actually by practice sets himself against a principle of the Constitution and the law, a well-settled policy of our government, and in such close proximity to our territory as to inflict upon the people within our own borders the evil which our Constitution and laws were designed to prevent.  The petitioner testifies that he is in sympathy with the National Prohibition Act and favored its enforcement; but his professions do not square with his conduct.
    Petition is denied.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes