## In re NAGY.

(District Court, S. D. Texas, at Houston. December 11, 1924.)

No. 2788.

**Aliens ⬡62—Alien, convicted of illegal manufacture of liquor during period of probation, not eligible to citizenship; "attached to the principles of the Constitution."**

An alien, who during the five-year period of probation before his application for naturalization has been convicted of the illegal manufacture and possession of liquor, cannot be found to have been during all that period "attached to the principles of the Constitution," which is a prerequisite to his admission to citizenship.

Petition by Joe Nagy for naturalization. Denied.

Walter Wheatley, Naturalization Examiner, of Houston, Tex., for the United States.

HUTCHESON, District Judge. This is an application for citizenship made by Joe Nagy in the usual form. His witnesses having been examined and having proved competent, the examiner presented to the attention of the court the fact that in the year 1923, within the five-year probation period fixed by law for applicants to citizenship, he had been convicted in this court of unlawful manufacture and possession of intoxicating liquor under the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

The examiner asserts that upon this showing it cannot be said that, during the five years immediately preceding the date of his application, the applicant has "behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same," which the law requires must appear to the satisfaction of the court, in order to sustain a favorable finding upon the application. On the part of the petitioner, it is with much reason asserted that the offense for which he has been convicted was a misdemeanor which would not carry with it, in the case of a citizen, a loss of citizenship, and that therefore it ought not to have the effect to bar the applicant. He further asserts, with some show of reason and abundant fact upon his side, that thousands of citizens of the United States are making liquor for their own use, which he claims was all that he was doing, and that in what is vulgarly denominated the "best society," meaning thereby persons of wealth and influence,

home brewers and distillers, if not popularly acclaimed and rewarded for their skill, are at least not thought any the worse of for their practices.

To minds sensitive to the reproach of Pharisaism and honest enough to see ourselves as others see us, there is no doubt that this complacent attitude of many of our good citizens toward the violation of the Eighteenth Amendment makes the United States, in its prosecutions of the poor and ignorant, appear to be engaged to some extent in a piece of colossal humbuggery, nor can I avoid the feeling that it may appear to some to savor of judicial Pecksniffianism to refuse an application for citizenship for doing that which common repute declares is approved in the "best society." The fact remains, however, that the question presented for decision here is wholly different from that which would be presented, were it proposed to deprive a citizen of his citizenship because he made liquor for his own use. Nor can the fact that citizens violate the law be in any manner controlling upon or influential in the determination of this case.

The controlling considerations here are, first, that the law requires that it shall be made to appear, to the satisfaction of the court, that during five years, at least, he has resided continuously within the United States, "and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same." One of these principles is now embodied in the Eighteenth Amendment, and whether, as some good citizens think, incorrectly embodied there, or whether, as others think, the capstone and most precious jewel in it, it is a part of it, and it cannot be said, with any fidelity to truth or reason, that one who during his five-year probation deliberately conducts a distilling operation, and manufactures intoxicating liquor contrary to its provisions, has shown himself attached to its principles.

If, without doing violence to the thought, this application for citizenship might be analogized to the preparation of the squires of old for their knightly accolade, which was conferred upon them, not as a matter of right, but as a matter of grace, and in recognition of their bright fealty to the highest obligations of knighthood, it would be more clearly apprehended that these applicants are and must be on their good behavior, and that a deliberate turning away from one of the prime principles of the order into which they are seeking entrance, no matter

how many who are now members of that order violate it, is sufficient ground for their rejection. This applicant, then, having deliberately infringed that Constitution which, if admitted, his oath binds him to support and defend, it cannot be gainsaid that his petition should be denied.

Let an order be entered denying the petition, without prejudice, however, to the right of the petitioner to file again, when such time shall have elapsed as that he can show a probation period of five years, during which he has not deviated from, nor shown his disregard of, the principles of our Constitution.