## UNITED STATES v. WEXLER.

(District Court, E. D. New York. October 15, 1925.)

1. Aliens ⬳62—Proof of good moral character necessary qualification for admission to citizenship.

Under Naturalization Law, § 4, subd. 4, as amended by Act May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), proof of good moral character is necessary qualification for admission to citizenship.

2. Aliens ⬳71½—State court's action, in overruling objection to petition for naturalization, not exercise of judicial discretion, with which federal court cannot interfere.

State court's grant of citizenship over objection that petitioner had not behaved as man of good moral character for five years immediately preceding application is not exercise of judicial discretion, with which federal court cannot interfere; federal court for district in which naturalized citizen resides having jurisdiction to cancel and vacate certificate illegally granted by state court, in action by United States under Naturalization Law, § 15 (Comp. St. § 4374).

3. Aliens ⬳68—No appeal in naturalization proceedings.

There is no appeal in naturalization proceedings.

4. Aliens ⬳62—One committing adultery within five years before application for naturalization ineligible.

Adultery being recognized as immoral and made a crime by state law, one guilty thereof within five years immediately preceding application for naturalization is ineligible for admission to citizenship, under Naturalization Law, § 4, subd. 4, as amended by Act May 9, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352).

5. Aliens ⬳68—Judgment granting wife divorce on ground of adultery held conclusive evidence of husband's disqualification for citizenship.

Judgment granting divorce to wife on ground of adultery *held* conclusive evidence that husband did not possess qualification for citizenship of good moral character for five years immediately before filing his petition for naturalization, where such judgment was never attacked by him.

In Equity. Action by the United States against Joel Wexler to vacate and set aside certificate of naturalization and order of Supreme Court of New York admitting respondent to citizenship. Decree for plaintiff.

Ralph C. Greene, U. S. Atty., and Joseph M. Crooks, Asst. U. S. Atty., both of Brooklyn, N. Y.

Jacob Levy, of Brooklyn, N. Y., for respondent.

CAMPBELL, District Judge. This is an action in equity, brought under section 15 of the Naturalization Law (Act June 29, 1906, 34 Stat. 596, 607 [Comp. St. § 4374]), to vacate, cancel, and set aside the certificate of naturalization and the order of the Supreme Court of the state of New York, Kings county, dated the 17th day of June, 1924, on the ground that the same was illegally procured, in that the respondent had not, for a period of five years immediately preceding the date of the filing of his petition for naturalization, behaved as a man of good moral character, as required by law, in that on or about and between the 1st day of February, 1920, and the 14th day of February, 1920, said respondent had committed adultery, and an absolute divorce was granted to his wife on said ground on the 27th day of September, 1920, by the Supreme Court, Kings county, New York.

The fact that the wife obtained a judgment of divorce against the respondent at the time and upon the grounds stated is not denied. It appears that the petition for naturalization was filed by the respondent on August 8, 1923, and came on for hearing on June 17, 1924. It further appears that the representative of the Department of Labor presented to the court before whom respondent's petition for naturalization was heard evidence of the granting of such decree of divorce, and objected to the admission of the respondent to citizenship, on the ground that it did not appear that he had, for the period of five years immediately preceding the date of his application, behaved as a man of good moral character. The court overruled such objection and admitted the respondent to citizenship.

Section 15 of the Naturalization Act (Comp. St. § 4374), supra, reads as follows:

"Sec. 15. That it shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured. * * *"

This action is brought on the ground that the certificate of citizenship was illegally procured by the respondent.

[1] Subdivision fourth of section 4 of the Naturalization Law, supra, as amended by the Act of May 9, 1918, 40 Stat. 542 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4352), provides as follows:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character. * * *"

From this section it appears that proof of good moral character is one of the necessary qualifications for admission to citizenship.

[2] Respondent contends that, the court before whom the petition was heard having overruled the objection of the representative of the Department of Labor, this constituted the exercise of judicial discretion, with which this court cannot interfere. This, however, does not seem to be the law, because it has been held in many cases in the United States courts that, where a certificate of naturalization is illegally granted by a state court, a District Court of the United States for the district within which the naturalized citizen resides has jurisdiction at the instance of the United States to cancel and vacate it. U. S. v. Nisbet (D. C.) 168 F. 1005; U. S. v. Mansour (D. C.) 170 F. 671; U. S. v. Simon (C. C.) 170 F. 680; U. S. v Meyer (D. C.) 170 F. 983; U. S. v. Spohrer (C. C.) 175 F. 440; U. S. v. Aakervik (D. C.) 180 F. 137; U. S. v. Nopoulos (D. C.) 225 F. 656; U. S. v. Griminger (D. C.) 236 F. 285.

[3] This court has repeatedly held that, where it finds that it clearly appears that the petitioner did not possess the legal qualifications for citizenship, particularly five years continuous residence in the United States, it should set aside the certificate of naturalization granted by a state court when such relief is sought by the United States in an action under section 15 of the Naturalization Law, supra. The weight of authority is clearly in favor of the contention that there is no appeal in naturalization proceedings. U. S. v. Dolla, 177 F. 101, 100 C. C. A. 521, 21 Ann. Cas. 665; U. S. v. Neugebauer, 221 F. 938, 137 C. C. A. 508; U. S. v. Mulvey, 232 F. 513, 146 C. C. A. 471; Johannessen v. U. S., 225 U. S. 227, 32 S. Ct. 613, 56 L. Ed.

1066; U. S. v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321.

[4] Good moral character for five years immediately preceding the filing of the petition is one of the necessary qualifications for citizenship. Adultery is not only recognized as immoral, but it is also made a crime by the laws of this state.

[5] The defendant was not convicted of the crime of adultery, but in a civil action to which he was a party defendant, in which he was charged with having committed adultery, that issue, on his failure to deny the allegations of the complaint and on the evidence received in that action, was decided against him by that court, and a decree of divorce was granted to his wife on that ground. That judgment has never been attacked by him, and it seems to me that there is no room for the exercise of any judicial discretion, but that the judgment in that action, which the respondent has not sought to have set aside, is conclusive evidence that he did not possess the qualification, required of him by law, of good moral character for five years immediately preceding the filing of his petition on which the certificate of citizenship was granted.

A decree may be entered in favor of the plaintiff, as prayed for in the bill of complaint.