## UNITED STATES v. MIRSKY.

(District Court, S. D. New York. May 12, 1926.)

Aliens ☞62(5)—Alien violating Eighteenth Amendment not eligible for naturalization (Act June 29, 1906, § 15 [Comp. St. § 4374]).

An alien, who during the preceding five years had been convicted of violation of the Eighteenth Constitutional Amendment, was not legally admissible to citizenship, and, though naturalized by a state court, his certificate is subject to cancellation at suit of the United States under Act June 29, 1906, § 15 (Comp. St. § 4374).

In Equity. Suit by the United States against Abraham Mirsky for cancellation of certificate of naturalization. Decree of cancellation.

Emory R. Buckner, U. S. Atty., of New York City (Alvin McK. Sylvester, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Bernard Margules, of New York City, for respondent.

THACHER, District Judge. The fact is admitted by the answer that the respondent, during the period of five years preceding the issue of his certificate of naturalization, deliberately violated the Eighteenth Amendment of the Constitution, and on his plea of guilty was fined for his offense as provided in the National Prohibition Act (Comp. St. § 10138¼ et seq.). The statute requires, as a prerequisite to naturalization, that it shall be made to appear that during the probationary period of five years immediately preceding the application the alien "has behaved as a man of good moral character, attached to the principles of the Constitution of the United States." Section 4 of the Act of June 29, 1906 (34 Stat. 596), as amended by the Act of June 25, 1910 (36 Stat. 830), being Compiled Stats. 1916, § 4352(4). One who deliberately violates the Eighteenth Amendment of the Constitution cannot be said to be attached to the principle declared by that amendment. In re Nagy (D. C.) 3 F.(2d) 77; In re Raio (D. C.) 3 F.(2d) 78; In re Phillips (D. C.) 3 F.(2d) 79; Ex parte Elson (D. C.) 299 F. 352; In re Bonner (D. C.) 279 F. 789.

It follows that the certificate was issued contrary to the requirement of the statute, and the government may successfully challenge it under section 15 of the Act of June 29, 1906 (Comp. St. § 4374), on the ground that it was illegally procured, and this it may do notwithstanding the decision of the State court pursuant to which it was issued. Unit-

ed States v. Ginsberg, 243 U. S. 472, 37 S. Ct. 422, 61 L. Ed. 853; U. S. v. Mulvey (C. C. A.) 232 F. 514; U. S. v. Wexler (D. C.) 8 F.(2d) 880.

Neither the fact that in this and in other communities there are many citizens who are not attached in thought or deed to the principle embodied in the Constitution by the Eighteenth Amendment, nor the fact that opposition to that principle with a view to removing it from the Constitution is quite generally thought to be the part of good citizenship, can relieve this court of its duty to apply the law as it is now written.

Motion for judgment is granted. The decree may be without prejudice to the respondent's naturalization after the expiration of five years from the date of the offense for which he was fined, upon compliance with all the requirements of the statute.