## UNITED STATES v. DE FRANCIS.
### No. 5032.

Court of Appeals of District of Columbia.

Argued March 4, 1931.

Decided May 4, 1931.

Leo A. Rover and Rebekah S. Greathouse, both of Washington, D. C., for the United States.

J. S. Hornback and Roger Moore, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from an order of the Supreme Court of the District, dismissing the petition of the United States Attorney to cancel the naturalization certificate of the appellee, Robert De Francis.

It appears that appellee filed his declaration of intention to become a citizen of the United States on July 11, 1922; and he filed a petition for naturalization on November 22, 1926. In this petition he stated, among other things, "I am attached to the principles of the Constitution of the United States." Attached to the petition were the affidavits of two witnesses to the effect that they had personal knowledge that the petitioner was a person of good moral character, attached to the principles of the Constitution of the United States. These same witnesses appeared before a naturalization examiner and orally testified to the same facts, admitting, however, that they knew that the petitioner had been arrested for violations of the National Prohibition Act (27 USCA), but stated that they did not know the outcome of the arrests. The testimony of these witnesses was repeated under oath in the Supreme Court of the District, at the hearing on the naturalization petition, September 6, 1927. At this time the petitioner also stated under oath that he was attached to the principles of the Constitution of the United States. At the hearing, the naturalization examiner called the attention of the court to the fact that the petitioner had been convicted of violations of the National Prohibition Act. The presiding justice inquired whether there was any proof that petitioner had sold intoxicating liquor, to which the examiner answered in the negative. The certificate of citizenship was thereupon granted.

498

In the petition for cancellation, the United States Attorney charges that the appellee, for the period of five years preceding the filing of his petition for naturalization, and at the time of naturalization, "was not a person of good moral character, nor attached to the principles of the Constitution of the United States, nor well disposed to the good order and happiness of the United States." A number of convictions of criminal offenses, involving the manufacture, sale, and possession of intoxicating liquor, in violation of the Prohibition Act, are set forth in the petition, occurring prior to the date of filing his petition for naturalization, and one conviction for a second offense in the Supreme Court of the District of Columbia on January 7, 1927, which was prior to the hearing on the petition. In all of these cases it is alleged that appellee pleaded guilty to the offenses as charged.

Section 15 of the Act of Congress of June 29, 1906, 34 Stat. 601 (8 USCA § 405), provides: "It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

We think there is no question as to the sufficiency of the grounds set forth in this petition, if established, to justify the cancellation of appellee's certificate. At the naturalization hearing, the judge asked the question whether there was proof of conviction of the sale of intoxicating liquor. Appellee was the only one present who knew that he had been convicted, and he stood mute. This, we think, under the circumstances, where appellee was the petitioner seeking the rights of citizenship, amounted to the practicing of a fraud upon the court. In the case of The Kalfarli (C. C. A.) 277 F. 391, 400, it was said: "If a party conceals a fact that is material to a transaction, knowing that the other party is acting on the assumption that no such fact exists, the concealment may be as much a fraud as if the existence of the fact were expressly denied, or the reverse of it expressly stated."

Any person who violates the provisions of the Prohibition Act violates the principles of the Constitution of the United States, and

cannot be held to be attached to the principles of the Constitution of the United States. Nor can it be said that such a person possesses good moral character. Evidence showing the lack of good moral character is ground for cancellation of a certificate. United States v. Mirsky (D. C.) 17 F.(2d) 275; Turlej v. United States (C. C. A.) 31 F.(2d) 696, 699; United States v. Leles (D. C.) 236 F. 784; United States v. Raverat (D. C.) 222 F. 1018; United States v. Wexler (D. C.) 8 F.(2d) 880; United States v. Unger (D. C.) 26 F.(2d) 114.

In some of these cases it appeared that all the facts were before the naturalization judge. The equity court, however, proceeded upon the theory that it made no difference whether he had been correctly informed or not; the certificate, if it lacked the prescribed qualification, was illegal. Admission to citizenship under the laws is not a right but a privilege, and, in order for an alien to avail himself of this privilege, he must comply with all the conditions imposed by the statute. Among those conditions is the requirement that he has resided in the United States for five years, "and that during that time he has behaved as a man of good moral character." This implies that qualification for citizenship imports good moral character in fact, as well as in behavior.

In the Mirsky and Turlej Cases, supra, the naturalization certificates were canceled because of violations of the National Prohibition Act during the five-year period preceding the hearing. In the Turlej Case, the court said: "Few cases can be found where applicants for citizenship have been admitted, if guilty of violating liquor laws within the five years preceding the hearing, and such cases have been severely criticized by the courts. This was true even before the adoption of the Eighteenth Amendment as a part of our National Constitution. * * * Measured by the authorities, the state court made a mistake in granting appellant citizenship. Appellant did not possess the requisite qualifications, and the court was so advised. However, the court was induced to make such mistake by the frankness of the appellant in admitting his offense, and his avowal, under oath, that he was then attached to the principles of the Constitution. The facts, however, discredit his assertion. He was not qualified for citizenship, but deceived the court into believing that he was. Such deception operated as a fraud upon the court, and this deception and fraud were evidenced by his subsequent, as well as prior, conduct.

The trial judge was right in canceling his certificate of naturalization, and his decree should be affirmed."

In the Mirsky Case, the facts were closely analogous to those in the present case. It appeared that during the five-year period preceding the issue of his certificate he had deliberately violated the Eighteenth Amendment of the Constitution, and on plea of guilty was fined for his offense. On this testimony it was held that: "One who deliberately violates the Eighteenth Amendment of the Constitution cannot be said to be attached to the principle declared by that Amendment." It will be recalled that the appellee in the present case pleaded guilty in each instance where he was charged with violations of the Prohibition Act.

■ There can be no doubt, therefore, that the petition of the United States Attorney, on its face, makes charges which, if true, would require the cancellation of appellee's certificate.

The order dismissing the petition is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.