## In re NOSEN.
### No. 17116.

District Court, D. Washington.
May 11, 1931.

BOURQUIN, District Judge.

This applicant for citizenship arrived and has lived in the United States since 1923. He testifies he has a wife and two female children 7 and 14 years old in Norway; that before his departure he and they resided there in the home (one lot in the suburbs of a small town) of her father, a pensioner in enjoyment of 1,200 crowns or about $324 per year; that his family continues to reside with the father, and the wife has no

818

income; that he came hither because "times hard" in Norway, and as a fisherman he makes $1,500 yearly; that the wife refuses to come hither though he sent her means; and that because thereof he has not sent his family anything for their support since 1929, though before he had.

Admission to citizenship is, as it ought to be, jealously guarded, and granted only to him worthy to become one in the great partnership which makes up the nation. The prime consideration always is the nation's welfare and not the applicant's, which is wholly secondary. Admission is not the alien's right, but a privilege and favor extended to him if he measures up to the standard by the law created. The principal of the qualifications prescribed is that for five years immediately preceding his application he "has behaved as a man of good moral character." That is, he must *be* of good moral character, which behavior may evidence. See Bonner's Case (D. C.) 279 F. 789. Lacking this, he is rejected, however accurately he may be schooled and remember the answers in the "Guide to American Citizenship"; and lacking this, as here he does, the applicant is rejected.

Whether due *to* desire or *by* desire, he is the father of two children yet helpless infants. By every law, natural, human, moral, and divine, he is obligated to protect, support, and care for them. Nothing excuses failure to discharge this obligation, and no man who evades it is of good moral character. Although the husband may choose the place of family residence and may legally withhold support from the wife who fails to abide by it, her delinquency affords no justification for his failure to support the children she retains elsewhere. Her sin must not by him be visited on them.

Application denied.