UNITED STATES v. VILLANEUVA.

No. G–170.

District Court, D. Nevada.

Nov. 30, 1936.

486

Thomas O. Craven, Asst. U. S. Atty., of Carson City, Nev.

W. M. Kearney, of Reno, Nev., for defendant.

NÓRCROSS, District Judge.

Plaintiff's bill of complaint prays for decree that the certificate of naturalization issued to defendant be set aside and cancelled. The bill of complaint alleges that defendant filed his petition for citizenship on March 19, 1928, and on September 21st following it was granted; that at the time of the hearing the representative of the Naturalization Service presented evidence that defendant had been convicted in this court of unlawful possession of intoxicating liquor in violation of the National Prohibition Act (27 U.S.C.A.) on three several occasions, May 18, 1922, December 21, 1922, and November 14, 1923, and moved the dismissal of said petition, which motion was denied; that on September 10, 1929, he was again adjudged guilty of the same offense; that defendant's naturalization was fraudulently procured, in that when his said petition was filed and granted he was not attached to the principles of the Constitution, and did not intend to support the laws of the United States.

The answer of defendant denies that his naturalization was fraudulently procured; denies that he was not attached to the principles of the Constitution, and did not intend to support the Constitution and laws of the United States; denies that his oath was not taken in good faith, or was taken with a reservation that he then intended to violate the laws of the United States. Further answering the bill of complaint and by way of "further defense," defendant alleges that the said petition for citizenship was heard before the district court of the state of Nevada, in and for Washoe county; that objections to the granting of said petition were overruled by the court, and judgment awarding a certificate of naturalization entered; that subsequent to the entry of such judgment, on or about September 22, 1928, plaintiff herein filed in said state court a notice of intention to move for a new trial, and filed notice of appeal from said judgment and certificate of naturalization, and thereafter filed its bill of exceptions; that subsequent to such filings plaintiff abandoned the said appeal. An additional "further defense" alleged: That the plea of guilty entered on September 10, 1929, was entered by defendant to avoid the expense and trouble incident to a criminal trial.

The fact that preliminary proceedings taken in the state court to perfect an appeal from the order of admission to citizenship were finally abandoned, is not a defense to a suit in equity in a Federal District Court to cancel a certificate of naturalization. United States v. Ness, 245 U.S. 319, 38 S.Ct. 118, 62 L.Ed. 321; United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853; Luria v. United States, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101; Turlej v. United States (C.C. A.) 31 F.(2d) 696, 698; Johannessen v. United States, 225 U.S. 227, 32 S.Ct. 613, 56 L.Ed. 1066; United States v. Ali (D. C.) 7 F.(2d) 728; United States v. Mirsky (D.C.) 17 F.(2d) 275, 276; United States v. Wexler (D.C.) 8 F.(2d) 880; United States v. Milder (C.C.A.) 284 F. 571. In United States v. Olaechea (D.C.) 293 F. 819, 821, Farrington, Judge, speaking for this court said: "Jurisdiction is clearly conferred on this court by section 15 of the Act of June 29, 1906, to cancel a certificate of citizenship on the ground that it was issued fraudulently or procured illegally in the state court. Naturalization is not a right; it is granted on such conditions as the United States sees fit to impose. An alien can acquire American

citizenship only by strict compliance with the terms and procedure prescribed by law. United States v. Ginsberg, 243 U.S. 472, 475, 37 S.Ct. 422, 61 L.Ed. 853."

The most serious question presented in the case grows out of the fact that within six months following his admission to citizenship defendant was again charged with violation of the National Prohibition Act, and withdrew a former plea of not guilty and entered a plea of guilty to a count charging possession of intoxicating liquor, other counts of the indictment being dismissed. We have therefore a situation wherein the defendant had on three several occasions within approximately a year prior to filing his petition for citizenship been prosecuted for having in his possession intoxicating liquor—wine—and in each instance having later interposed a plea of guilty thereto, and then within the year following his admission, again entering a plea of guilty to a similar offense the possession charged including both wine and whiskey, committed within six months of his admission. The court is not impressed with the reason stated in defendant's answer for the interposition of this latter plea. In any event the record is controlling in this respect. Had it not been for this latter violation of the then existing law the court is of opinion there would be no substantial foundation for this proceeding. While the defendant interposed a plea of guilty to the third offense charged against him in this court within the five year period preceding the filing of his petition for naturalization, the information charging such offense was filed prior to such filing of defendant's petition. There was no record before the state court and none before this court of any offense having been committed by the defendant during the five year period between the filing of the petition and the order granting admission by the state court. A plea of guilty relates back to the time charged in the information or indictment.

The rule governing in cases of this character is concisely stated by the Circuit Court of Appeals of the Eighth Circuit in Turlej v. United States, supra, as follows: "It would appear, therefore, that evidence of behavior of the appellant, both before his certificate was granted and thereafter, would be competent as bearing on the question of his morals and his attachment to the Constitution."

Courts have quite universally held that violations of prohibition liquor laws, whether national or state, should be taken into consideration in determining questions respecting the good moral character of applicants for citizenship and their attachment to the principles of the Constitution of the United States. Title 8 U.S. C.A. § 382; United States v. De Francis, 60 App.D.C. 207, 50 F.(2d) 497; United States v. Mirsky (D.C.) 17 F.(2d) 275, 276; Ex parte Elson (D.C.) 299 F. 352; In re Raio (D.C.) 3 F.(2d) 78; In re Bonner (D.C.) 279 F. 789; In re Trum (D.C.) 199 F. 361; United States v. Leles (D.C.) 236 F. 784; United States v. Gerstein, 284 Ill. 174, 119 N.E. 922, 1 A.L.R. 318.

In the case of United States v. Mirsky, supra, the court for the Southern District of New York said: "Neither the fact that in this and in other communities there are many citizens who are not attached in thought or deed to the principle embodied in the Constitution by the Eighteenth Amendment, nor the fact that opposition to that principle with a view to removing it from the Constitution is quite generally thought to be the part of good citizenship, can relieve this court of its duty to apply the law as it is now written."

With the wisdom and policy of statutes courts have nothing to do. The fact that there may be limitations upon the extent that human thought and conduct may be controlled by penal statute as evidenced by the experience of history is not within the province of courts to consider and determine. The fact that the Eighteenth Amendment has been eliminated, the National Prohibition Act repealed, and thus the particular offenses of which the defendant was adjudged guilty are no longer offenses against the Constitution and laws of the United States, does not present a substantial reason why the case of defendant in this proceeding should now be regarded in the light of existing laws rather than the law as existing at the time of his admission, and for a time both prior and subsequent thereto.

It is therefore the conclusion of the court that defendant's certificate of naturalization should be set aside and cancelled, but, in view of the change in organic and statute law, without prejudice to another application. An order will be entered accordingly.