**Application of POLIVKA.**
**No. P–108508.**

District Court, W. D. Pennsylvania.
Oct. 24, 1939.

Harold L. Roth, of Ambridge, Pa., for applicant.

W. W. Wiggins, Div. Director, Immigration & Naturalization Service, of Pittsburgh, Pa., for the United States.

McVICAR, District Judge.

The examining officer recommended that the petition be denied for the reason that the petitioner, within the statutory period, had not been a person of good, moral character; and in support thereof, offered in evidence a decree of a Pennsylvania state court, wherein a divorce was granted to the petitioner's wife, on the ground of cruel and barbarous treatment by petitioner to her. The petitioner, in his brief, admits that this decision of the Pennsylvania court is res adjudicata. He also contends that good, moral character, as defined in the naturalization statute means "such character as measures up to the standard of the average citizen of the community in which the applicant resides."

Assuming that the contention of the petitioner is correct, as above stated, I am of the opinion that he is not a citizen of good, moral character within the meaning of the naturalization statute. The average citizen, whether he be husband or wife, is not guilty of cruel and barbarous treatment to the other spouse. The recommendation of the examiner, therefore, should be approved and the petition denied. This, however, will not work any undue hardship on the petitioner, because it appears that the divorce was procured October 2, 1936. If, therefore, he can prove good, moral character since that time and during the five years prior to the filing of another application, he will then have established good character within the meaning of the statute.