## UNITED STATES v. TEDESCO.

District Court, S. D. New York.
Jan. 15, 1940.

John T. Cahill, U. S. Atty, of New York City, Southern District of New York (Samuel Brodsky, of New York City, of counsel), for petitioner.

Louis Weinberger, of New York City, for respondent.

HULBERT, District Judge.

Respondent moves under Rule 12 (f), Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c, to strike certain allegations from the complaint on the ground they are immaterial and prejudicial.

The action was instituted June 9, 1938 by the Government to set aside and cancel the certificate of citizenship issued to respondent on August 12, 1926 on the ground that said naturalization was fraudulently and illegally procured. Service was not made until Dec. 8, 1939 and respondent has not yet served his answer.

The portion of the complaint objected to consists of a series of allegations concerning certain arrests and convictions of respondent which occurred between 1934 and 1937.

The statutory authority for the maintenance of this action is Section 405 of Title 8 U.S.C.A. which provides for the cancellation of certificate of citizenship "on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

The bill of complaint is based upon both grounds: (a) that the respondent fraudulently concealed from the United States naturalization examiner the facts concerning his criminal activities and criminal record, and (b) that he was not a person of *good moral character* during the period of 5 years preceding the date of his petition for naturalization.

Section 382 of Title 8 U.S.C.A. provides: "No alien shall be admitted to citizenship

unless (1) immediately preceding the date of his petition the alien has resided continuously within the United States for at least five years * * * and (3) during all the periods referred to in this section *he has behaved* as a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." (All italics mine for emphasis.)

■ Of course the allegations as to crimes committed before naturalization are relevant to the ground of fraud. United States v. Saracino, 3 Cir., 43 F.2d 76.

■ It is the contention of the United States Attorney that the allegations in the complaint as to crimes committed after naturalization are directed to the illegality of the naturalization proceeding because of the respondent's *bad moral character*.

Turlej v. United States, 8 Cir., 31 F.2d 696, and United States v. Villaneuva, D. C., 17 F.Supp. 485, relied upon by the Government, do not sustain its contention that the objectionable allegations are proper. Rather, I am persuaded by the dissenting opinion in the Turlej case, supra, in deciding this motion. Circuit Judge Booth there said [31 F.2d 699]:

"Even conceding that acts of the appellant committed after the date of his naturalization were competent evidence to prove his state of mind on that date, yet the probative value of such acts naturally diminishes as the length of time increases. The acts of appellant here in question took place from 1½ to 2½ years after he was naturalized.

\* \* \* \* \* \*

"The decree of cancellation, under these circumstances will, I fear, lay itself open to the charge that its real basis is not fraud committed on the state court, but the offenses committed by appellant subsequent to his naturalization. Such a ground for cancellation does not exist at present. If such a ground be desirable, it should be created by congressional rather than judicial legislation."

In the instant case the criminal acts alleged did not occur until 8 years after the certificate of naturalization was issued. During that period of time the respondent may have behaved as a man of good moral character. But what he did between 1934 and 1937 is too remote to any misdeeds committed by him prior to August 12, 1926. Motion granted. Settle order on two days' notice unless consented to.