## UNITED STATES v. TURLEJ.

(District Court, D. Wyoming. March 28, 1927.)

No. 1520.

1. **Aliens ⟨key⟩71½(3)—State court's grant of citizenship over objection of agent of naturalization bureau may be attacked by government for fraud or illegality (Comp. St. §§ 4352, 4374).**

State court's decree, granting citizenship over objection of agent of naturalization bureau that petitioner was not a man of good moral character, is not immune against attack by United States to set aside naturalization certificate under Act June 29, 1906, § 15 (Comp. St. § 4374), on ground of fraud or other illegal procurement, in view of section 4 (section 4352).

2. **Aliens ⟨key⟩62(5)—Policy of courts has been to deny citizenship to alien violating important federal or state laws during probationary period (Comp. St. § 4352).**

Under Act June 29, 1906, § 4 (Comp. St. § 4352) it has generally been policy of courts to deny citizenship to alien who has during probationary five-year period violated one of important laws of state or nation, whether such law be direct result of constitutional provision or otherwise.

3. **Aliens ⟨key⟩71½(5)—Naturalization certificate will not be set aside because state court granted citizenship with knowledge that petitioner had violated liquor law in single instance (Comp. St. §§ 4352, 4374).**

Decision of state court that alien had behaved as man of good moral character for previous five-year probationary period, within Act June 29, 1906, § 4 (Comp. St. § 4352), and granting of citizenship with full knowledge that petitioner had violated liquor law in a single instance held not to justify setting aside naturalization certificate, under section 15 (Comp. St. § 4374).

4. **Aliens ⟨key⟩71½(17)—Acts after grant of citizenship are competent on issue whether person attached to principles of Constitution when application made (Comp. St. § 4374).**

In suit under Act June 29, 1906, § 15 (Comp. St. § 4374), to cancel certificate of naturalization on ground of fraud, in that applicant falsely represented to the court that he was attached to the principles of the Constitution, his subsequent acts and declarations are competent to show his state of mind when he made his application.

5. **Aliens ⟨key⟩71½(5)—Violation of liquor laws shortly before naturalization and three violations thereafter held to warrant cancellation of naturalization certificate for fraud (Comp. St. § 4374).**

In suit to cancel certificate of naturalization under Act June 29, 1906, § 15 (Comp. St. § 4374), evidence that alien shortly before certificate was granted, violated liquor laws, and thereafter was guilty of three similar violations, held to show that he was not attached to principles of Constitution and did not intend to support Constitution and laws as respects prohibition, and warrant cancellation of

certificate for fraud on court, notwithstanding such laws are repeatedly violated by a substantial portion of citizens.

In Equity. Suit by the United States against Wladyslaw Turlej, otherwise known as Walter Turley, to cancel a certificate of naturalization. Decree for the United States.

Albert D. Walton, U. S. Atty., of Cheyenne, Wyo.

D. A. Preston, of Rock Springs, Wyo., and Kinkead, Ellery & Henderson, of Cheyenne, Wyo., for defendant.

KENNEDY, District Judge. This is a suit in equity, in which it is sought to cancel a certificate of naturalization issued to the defendant. After the formal allegations as to the facts leading up to and including the naturalization of the defendant, the bill of complaint formally charges that the naturalization was obtained fraudulently, and in paragraph 5 is set forth the following:

"That said certificate of naturalization was obtained by said defendant fraudulently, in that said defendant, at the time he made said application to said court to be admitted as a citizen of the United States, as aforesaid, to wit, on the 26th day of March, A. D. 1921, did fraudulently, falsely, and willfully take oath, and did induce, persuade, and cause his two witnesses then and there present in court to fraudulently, falsely, and willfully take oath, that said defendant then and there was, and during the period of five years immediately preceding said application had been, a person of good moral character, and that said defendant then and there was attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same, and that said defendant would support the Constitution of the United States and bear true faith and allegiance to the same, when in truth and in fact, as said defendant then and there well knew, the said defendant at the time he took said oath, and induced, persuaded, and caused his said two witnesses to take said oath, as aforesaid, was not then and there a person of good moral character, and had not during the period of five years immediately preceding said application been a person of good moral character, and had not during said period of five years behaved as a person of good moral character, and that said defendant was not then and there attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same, and that said defendant did not then and there intend to support the Constitution of the United States, and bear true faith and allegiance to the same, but the said defendant did then and there intend to violate the provisions of the Constitution of the United States and the laws of the United States passed thereunder, and that said defendant, prior to the time he and his said witnesses took said oaths, as aforesaid, to wit, on the 25th day of April, A. D. 1920, in the district court of the Third judicial district of the state of Wyoming, sitting within and for the county of Lincoln, in said state, pleaded guilty to a charge then and there pending against him of the illegal and unlawful possession of intoxicating liquor, which said charge then and there also constituted a violation of the Constitution of the United States and the laws of the United States passed thereunder, and that said defendant, after he and his said witnesses took said oaths, as aforesaid, and on the 8th day of December, A. D. 1922, in the District Court of the United States for the District of Wyoming, entered a plea of guilty to a charge then and there pending against him, in and by which he, the said defendant, was charged with a violation of a law of the United States, to wit, with the unlawful possession and unlawful sale of intoxicating liquor for intoxicating beverage purposes, and that on the 12th day of September, A. D. 1923, the said defendant in the district court of the Third judicial district of the state of Wyoming, sitting within and for the county of Lincoln, in said state, entered a plea of guilty to a charge then and there pending against him, in and by which he, the said defendant, was charged with a violation of a law of the state of Wyoming, to wit, the crime of aggravated assault upon the persons of James Kukules and R. E. Long, and that said James Kukules and R. E. Long were then and there officers of the internal revenue of the United States, and the acts constituting said offense also constitute an offense against the laws of the United States, and that on the 12th day of November, A. D. 1923, the said defendant, in the district court of the Third judicial district of the state of Wyoming, sitting within and for the county of Lincoln, in said state, entered a plea of guilty to a charge then and there pending against him, in and by which he, the said defendant, was charged with a violation of a law of the state of Wyoming, to wit, the unlawful and illegal sale of intoxicating liquor, which said offense then and there also constituted a violation of the Constitution of the United States and the laws of the United States passed thereunder."

The answer in substance admits the act of naturalization, the allegations of the bill

with reference to the violations of law and convictions thereunder set forth, but denies any fraud on the part of the defendant in the matter of procuring such naturalization, and raises the plea that the naturalization of the defendant by the state court is res judicata and cannot be attacked in the proceeding at bar.

The case was submitted upon an agreed statement of facts, with the exception of a slight portion of oral testimony, from which the following facts are made to appear: That application for citizenship was made by the defendant, upon which a hearing was had on the 26th of March, A. D. 1921, in the district court for the Third judicial district of the state of Wyoming sitting within and for the county of Lincoln, in said state. At said hearing the defendant and two witnesses appeared and offered evidence in support of his petition for naturalization. That one Sullivan, the district director of naturalization, was present at said hearing and cross-examined the defendant and his two witnesses. That the petitioner, prior to the hearing on said petition for naturalization, but subsequent to the filing of his petition, and on February 26, 1920, entered a plea of guilty to a charge then pending against him of the illegal and unlawful possession of intoxicating liquor. That the naturalization director interposed to the court a motion to deny naturalization, but that said motion was overruled and the defendant admitted to citizenship. That the defendant upon that occasion took the statutory oath, renouncing allegiance and fidelity to any foreign sovereignty, and to support and defend the Constitution and laws of the United States, and was thereupon issued his certificate of citizenship by the court in due course. That on the 8th of December, 1922, defendant entered a plea of guilty to an information charging him with a violation of the National Prohibition Act (Comp. St. § 10138¼ et seq.) in the possession and sale of intoxicating liquor. That on the 12th of September, 1923, the defendant entered a plea of guilty to a charge of assault upon two internal revenue officers of the United States, and that on the 14th of November, 1923, the defendant entered a plea of guilty to a violation of the state Prohibition Act, in the unlawful sale of intoxicating liquor.

The Act of June 29, 1906 (34 Stat. 596 [U. S. Comp. Stat. § 4352]), specifies the manner in which an alien may become a citizen of the United States. In the third subdivision of this section it is provided that he shall, before being admitted to citizenship, declare on oath in open court that he will support the Constitution of the United States, renounce allegiance to any foreign sovereignty and support and defend the Constitution and laws of the United States against all enemies, foreign and domestic, and bear true faith and allegiance to the same. In the fourth paragraph it is provided that it shall be made to appear to the satisfaction of the court admitting any alien to citizenship, that previous to the date of his application he has resided continuously within the United States for at least five years, and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same, and that this shall be supported by the evidence of at least two citizens of the United States.

Section 15 of the Act of June 29, 1906 (Comp. St. § 4374) provides as follows:

"It shall be the duty of the United States district attorneys for the respective districts, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

The question is whether or not the plaintiff, under the allegations of the bill in this case and the law as it appears upon the facts as they have been presented, is entitled to a decree of cancellation. Reverting to the above-quoted portion of plaintiff's bill, it appears that the cancellation is sought upon the ground of fraud, in that it is affirmatively alleged that the defendant fraudulently did certain things, and fraud is one of the grounds set forth as the basis for the action under section 4374 of the Compiled Statutes above quoted.

[1] That the decree of a naturalization court does not afford immunity against an attack by the United States to set aside the naturalization certificate on the ground of fraud or other illegal procurement has frequently been decided by the courts. Mr. Justice Pitney, in Johannessen v. United States, 225 U. S. 227, 32 S. Ct. 613, 56 L. Ed. 1066, adopts the theory that, while it is the law that the judgment of a court of record holding the right to admit to citizenship is complete evidence of its own validity, so as to establish the immunity of such a judgment from collateral attack, yet that Congress may authorize a direct attack upon certificates of citizenship in an in-

dependent proceeding, such as is authorized in section 4374, and that proceedings in naturalization are in their nature ex parte proceedings, conducted by an applicant for his own benefit. The learned justice sums up his reasoning in sustaining the validity of that section in cases of fraud on page 242 (32 S. Ct. 617) in the following language:

"The act imposes no punishment upon an alien who has previously procured a certificate of citizenship by fraud or other illegal conduct. It simply deprives him of his ill-gotten privileges. * * * It merely provides that, on good cause shown, the question whether one who claims the privileges of citizenship under the certificate of a court has procured that certificate through fraud or other illegal contrivance, shall be examined and determined in orderly judicial proceedings. The act makes nothing fraudulent or unlawful that was honest and lawful when it was done. It imposes no new penalty upon the wrongdoer. But if, after fair hearing, it is judicially determined that by wrongful conduct he has obtained a title to citizenship, the act provides that he shall be deprived of a privilege that was never rightfully his."

Even where an agent of the naturalization bureau is present, it has been held that this does not make the proceeding adversary, but that it is ex parte so far as the government is concerned. United States v. Leles (D. C.) 236 F. 784; United States v. Wexler (D. C.) 8 F.(2d) 880. We have arrived at the point where the allegations of fraud and the proofs tending to support the charge may be considered, regardless of the fact that an affirmative finding would tend to disturb the decision of a naturalization court. As there is no evidence to the effect that the defendant induced and procured his supporting witnesses to testify falsely, this feature of the case may be eliminated, and the case considered upon the basis of what the defendant himself, as an applicant for citizenship, represented and did.

The charge of fraud is threefold: First, that he represented himself to be a person of good moral character for five years preceding the hearing, and that he had behaved during that period as a person of good moral character; second, that he was attached to the principles of the Constitution of the United States and was well disposed to the good order and happiness of the same; and, third, that he took an oath that he would support the Constitution and laws of the United States. And it is further alleged that in all respects these were false, in that he was not a person of good moral character during the five-year pe-

riod, nor had he behaved as a man of good moral character, that he was not attached to the principles of the Constitution of the United States and disposed to the good order and happiness of the same, and that he did not intend to support the Constitution and laws at the time he took the oath, followed by the averment of grounds for the alleged falsity.

[2, 3] As to the allegation that during the five-year period he had behaved as a man of good moral character, the evidence shows that during that period he had violated a law, to wit, the National Prohibition Act, which was enacted for the purpose of carrying into effect a specific provision of the national Constitution itself. Had this violation been concealed from the court, there could have been no doubt of a fraud having been perpetrated upon the court. Having been fully disclosed to the court, and notwithstanding the disclosure the court having admitted him to citizenship, we are presented with a somewhat different situation. It has generally been the policy of the courts to deny citizenship to any alien who has during the probationary period violated one of the important laws of the state or nation, whether such law be the direct result of a constitutional provision or otherwise, because such a violation does not indicate a desire on the part of the applicant to support the Constitution and laws, nor that he is attached to the principles of the Constitution, as well as tending to show that he has not behaved as a man of good moral character.

It is entirely possible and very probable that in the instant case the judge of the state court admitting the defendant to citizenship honestly believed that the single violation of law was an isolated instance, which did not go to the extent of supporting a conclusion that the defendant was not a man of good moral character, and had the defendant in this case, after being admitted to citizenship, merited the confidence of the trial court in admitting him to citizenship, regardless of the isolated transgression of law violation, by continuing in the future to obey the law, it is likewise probable that this case would not be before the court at the present time. Therefore, as to the actual fact as to whether or not the defendant was a man of good moral character, or that he had behaved as such during the probationary period in the face of the fact that the defendant had made a complete and full disclosure of his conduct, would scarcely seem to justify this court in setting aside the decree of naturalization by the state court, issued upon full knowledge of the facts, by a specific finding at this time that the defend-

ant was not at the time a man of good moral character, although, had this court the exact question before it in passing upon the naturalization, it is quite probable that citizenship would have been denied; for, as it appears to me, it is the purpose of the Naturalization Act that the probationary period is one in which the applicant should show a general adherence to the ordinary standards of good citizenship, and particularly with reference to the nonviolation of important criminal statutes.

[4, 5] As to the second and third phases of the allegations of fraud, that the defendant represented to the court at the time that he was attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same, and took an oath that he would support the Constitution and laws of the United States, we have a different situation, for it appears that, coupled with the fact that he violated the law during the probationary period, which, as indicated, was overlooked as probably an isolated transaction, not indicative of the real intent and purpose of the defendant, we find that after his admission he continued to carry out the same course of conduct in violation of the laws as he did before. While perhaps not direct proof of what his state of mind was at the time of his admission, concerning his being attached to the principles of the Constitution and his intendment to support the Constitution and laws, it is competent proof of such intent and purpose. Glazer v. United States (C. C. A.) 289 F. 255.

It is difficult to arrive at the conclusion that, where a man a short time before he announces his allegiance and attachment to the principles of the Constitution and takes oath that he intends to support the Constitution and laws, has violated a law which virtually annuls such allegiance, attachment, and support, and a short time after he has indicated his intention and purpose he again and repeatedly violates the same law, that at a particular time, in the comparatively short interim when he took the oath for the purpose of becoming a citizen, he was actually attached to the principles of the Constitution, and that he intended to support that Constitution and the laws of the country. A man is to be judged as to his state of mind and his intent by his course of conduct in a certain line covering a reasonable period of time. Four violations of laws, all of the same general scope and purpose, tend very strongly to substantiate the averment that, at all times before and after his naturalization, the defendant was neither attached to the principles of the Constitution nor did he intend to support that Constitution and the laws as they concerned prohibition, and therein lies the fraud practiced upon the court.

Nor is it any argument or justification for the defendant that those particular laws are continuously and repeatedly violated by a substantial portion of the citizens of the country. A citizen may be, and many are, constitutionally and honestly opposed to the Prohibition Amendment and to the laws enacted thereunder, and he has an absolute right to use all legitimate means to secure a repeal of the amendment and the laws relating thereto, nor is his citizenship jeopardized by any such action on his part, or even by limited violations of the law. But an alien, seeking admission to citizenship, as a prerequisite to which Congress has provided that he shall be of good moral character for a period of five years, and shall be attached to the principles of the Constitution, and shall take an oath to support that Constitution and the laws, is in a different situation. He has the right in the first instance to determine whether or not he desires to become a citizen. If he does not like the amendment, and is not attached to it as a part of the Constitution, then he is not eligible for citizenship and may remain the subject of the country from which he came. If he assert, however, that he is attached to the principles of the Constitution, with the Prohibition Amendment a part of it, and the laws enacted thereunder, it must be presumed that his assertion is true only when he justifies it by his conduct.

For the reasons stated, the allegations of the bill will be held to have been sustained, and a decree may be presented for a cancellation of the certificate of naturalization of the defendant in the authorized manner, reserving to the defendant his proper exceptions.