## In re MEAKINS.

(District Court, E. D. Washington, E. D. September 4, 1908.)

No. 5.

ALIENS—NATURALIZATION—QUALIFICATIONS FOR CITIZENSHIP.

The right to become a citizen is a privilege to which an alien is not entitled regardless of qualifications, and an applicant who has no knowledge whatever of the Constitution, or even of its existence, of the organization of the government, or the manner of the enactment or enforcement of its laws, and who, instead of availing himself of time given to obtain general information on such subjects, assumes a defiant attitude toward the court and insists on his admission as a matter of right, cannot be said to be attached to the principles of the Constitution or well disposed to the good order of the country, and is not entitled to admission as a citizen.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Aliens, § 123.]

Petition for Naturalization.

A. G. Avery, U. S. Atty.

WHITSON, District Judge. This matter arises upon the petition of Joseph Meakins to become a citizen of the United States. At the time fixed for the hearing, pursuant to notice duly given, the petitioner appeared with his witnesses. Upon examination his moral character and residence were established by competent proof. As to the existence of the Constitution of the United States, the reason for its adoption, the organization of the government, the causes which led to it, the methods provided for the enactment and enforcement of the laws, and the rights, prerogatives, and duties of citizenship, he did not have the slightest conception. In this state of the case the matter was continued to enable him, in a measure at least, to familiarize himself with our institutions. Now, upon his return for further examination, it is shown that he is utterly wanting in knowledge of those things which every citizen ought to possess. Accordingly he has been advised to devote himself to further study, accompanied by the suggestion that the hearing be again continued to the end that he may meet the requirements. The petitioner, instead of accepting this proffer made for his benefit, in a dictatorial manner takes direct issue with the court and stoutly asserts that he is qualified and that he is sufficiently advised, notwithstanding its finding to the contrary.

One not represented by counsel, as in applications of this character, should not be denied the fullest opportunity to establish without formality the facts necessarily in issue; but unexpectedly this applicant has not met the court in that spirit of accommodation, twice extended, which might be looked for under the circumstances. While it may not be impossible for one to be attached to the principles of the Constitution of the United States who is without definite knowledge of the workings of the government in detail, he must have sufficient general information concerning it as to enable him to give a reason for his faith; and where, as in this case, an applicant does not know how the laws are made, who makes them, nor how they are enforced, he is illy prepared to participate in the selection of the persons who shall

perform those duties. He cannot be attached to principles of which he is entirely ignorant. His disposition, manifested in open court, also shows that he is not well-disposed to the good order and happiness of the country. He appears in an attitude of defiance, as one who is entitled to demand admission, regardless of qualifications. Without any understanding of the nature of the duties which would devolve upon him as a citizen, he meets the issue, not by insistent contention, as one appearing in his own behalf might have the right to indulge, but by arrogant assertion, thereby arraying himself against the authority which he would invoke, when he is so utterly unfit as to have no appreciation of his unpreparedness. The right to become a citizen is a privilege never hastily denied in this court, abundant opportunity being given to become familiar with those requisites essential to admission. But where an alien does not concur in the order of things as we have established them, at a time when so great a boon is being prayed for by him, it is perfectly manifest that he would hold his allegiance lightly, and would continue to refuse obedience and acquiescence, should the elective franchise be conferred upon him. Such a one must not only be qualified, but must meet us at the threshold with a disposition to obey the laws, and with proper respect for the tribunals charged with their enforcement.

Petition dismissed.