## Petition of KATZ.

District Court, E. D. Michigan. September 19, 1927.

No. 18637.

Aliens ⬅62(4)—Court may require applicant for naturalization to display some ability to read English (Naturalization Act [8 USCA §§ 381, 382]).

Under the provisions of Naturalization Act 1906, § 4, subds. 3, 4 (8 USCA §§ 381, 382), it it is within the discretion of the court to require a petitioner, before being admitted to citizenship, to display some ability to read the English language, that he may familiarize himself with the Constitution, to the principles of which it must appear that he is attached, and which he makes oath that he will support and defend.

Naturalization. Petition of Joseph Katz for naturalization. Final hearing deferred.

TUTTLE, District Judge. The petition for naturalization No. 18637 of Joseph Katz, filed with this court on December 8, 1926, came on regularly for hearing on September 19, 1927. The following facts were presented to the court:

1. Petitioner was born in Poland, July 15, 1885, being now 42 years of age.

2. He has resided in the United States and in the city of Detroit since 1913.

3. His family, consisting of wife and three children, have always resided with him in this country.

4. He has been regularly employed during his residence in this country and has amassed considerable savings and property.

5. He is unable to read understandingly the English language.

The court holds—in view of the following provisions of the naturalization laws now in force in the United States, namely, subdivision 3 of section 4 of the Naturalization Act of June 29, 1906 (8 USCA § 381), which reads as follows,

"He shall, before he is admitted to citizenship, declare on oath in open court that he will *support the Constitution of the United States*, and that he absolutely and entirely renounces and adjures all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty of which he was before a citizen or subject; that he will *support and defend the Constitution and laws of the United States* against all enemies, foreign and domestic, and bear true faith and allegiance to the same."

—and subdivision 4 of the same section (8 USCA § 382):

"It shall be made to appear to the *satis-faction of the court admitting any alien to citizenship* that immediately preceding the date of his application he has resided continuously within the United States, five years at least, and within the state or territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, *attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same.* In addition to the oath of the applicant, the testimony of at least two witnesses, citizens of the United States, as to the *facts of residence, moral character, and attachment to the principles of the Constitution shall be required,* and the name, place of residence, and occupation of each witness shall be set forth in the record,"

—and the affidavit of the two witnesses who must subscribe to the petition for naturalization, which affidavit is prescribed by section 27 of the Naturalization Act of June 29, 1906 (8 USCA § 409), as follows:

"———— Court of ————.

In the Matter of the Petition of ————
to be Admitted a Citizen of the United States of America.

"————, ss.:

"————, occupation ————, residing at ————, and ————, occupation ————, residing at ————, each being severally, duly, and respectively sworn, deposes and says that he is a citizen of the United States of America; that he has personally known ————, the petitioner above mentioned, to be a resident of the United States for a period of at least five years continuously immediately preceding the date of filing his petition, and of the state (territory or the District of Columbia) in which the above-entitled application is made for a period of ———— years immediately preceding the date of filing his petition; and that *he has personal knowledge that the said petitioner is a person of good moral character, attached to the principles of the Constitution of the United States, and that he is in every way qualified, in his opinion,* to be admitted as a citizen of the United States. ————.

"————.

Subscribed and sworn to before me this ———— day of ————, nineteen hundred and ————. ————.

"[Official Character of Attestor.]"

—that it is well within the court's discretion to require among other things that an applicant for citizenship shall display some ability to read the English language to the end that the alien familiarize himself with our

Constitution, our laws and our customs and thus fulfill that requirement specifically set out in the naturalization act herein quoted which requires that a candidate for citizenship show that he is "attached to the principles of the Constitution of the United States and well disposed to the good order and happiness of the same." The practical test in such a case is whether or not, in the discretion of the court, the evidence considered as a whole justifies the conclusion that the applicant possesses the statutory qualifications. Not only is it at least doubtful whether an alien can be said to be sufficiently attached to the principles of a written document which he cannot read, and of which, therefore, his understanding must necessarily be limited and uncertain, but it is also obvious that an alien who claims to be attached to the principles of that great document, and yet has been unwilling to devote the time and effort necessary to enable him to read it, is not sufficiently interested in, nor attached to, its principles to entitle him to the privilege of American citizenship. In re Bodek (C. C.) 63 F. 813; In re Meakins (D. C.) 164 F. 334; Ex parte Shahid (D. C.) 205 F. 812; In re Goldberg (D. C.) 269 F. 392.

It is therefore ordered by the court that the final hearing on this petition be deferred until such time as the petitioner shall have adequately prepared himself to be admitted a citizen of the United States.

The rule that all applicants for naturalization through this court, before being admitted to citizenship, must prove their ability to read understandingly the English language, will be administered from now on, and applicants will be advised by the Naturalization Service how to fit themselves to comply with this rule.