## UNITED STATES v. BLAND.

No. 505. Argued April 27, 28, 1931.—Decided May 25, 1931.

*Solicitor General Thacher*, with whom *Assistant Attorney General Dodds* and *Messrs. Whitney North Seymour* and *Harry S. Ridgely* were on the brief, for the United States.

*Miss Emily Marx* for respondent.

*Miss Emily Marx*, by special leave of Court, filed a brief on behalf of Edward L. Parsons et al. as *amici curiae*.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This case is ruled by the decision just announced in *United States* v. *Macintosh, ante,* p. 605.

The respondent, an applicant for citizenship, was a native of Canada and came to the United States in 1914. She had duly declared her intention to become a citizen. She refused to take the oath of allegiance prescribed by the statute to defend the Constitution and laws of the United States against all enemies, etc., except with the written interpolation of the words, " as far as my conscience as a Christian will allow." It is unnecessary to review her testimony. The only difference between the position she took, and that taken by the respondent in the *Macintosh* case, is that in addition to refusing positively to bear arms in defense of the United States under any

circumstances, she required an actual amendment of the oath as already stated, instead of reserving the point by parol. As we said in the *Macintosh* case, this is a circumstance which has no distinguishing effect. The substance of the oath has been definitely prescribed by Congress. The words of the statute do not admit of the qualification upon which the applicant insists. For the court to allow it to be made is to amend the act and thereby usurp the power of legislation vested in another department of the government.

The examiner reported against the applicant, and the court of first instance, after a full hearing, denied the application. We think its decree was right.

*The decree of the court of appeals is reversed and that of the district court is affirmed.*

MR. CHIEF JUSTICE HUGHES, dissenting.

What I have said in the case of *United States* v. *Macintosh,* with respect to the interpretation of the provisions of the naturalization act and of the prescribed oath, I think applies also to this case. The petitioner is a nurse who spent nine months in the service of our Government in France, nursing United States soldiers and aiding in psychiatric work. She has religious scruples against bearing arms. I think that it sufficiently appears that her unwillingness to take the oath was merely because of the interpretation that had been placed upon it as amounting to a promise that she would bear arms despite her religious convictions. It was the opinion of the Circuit Court of Appeals that the appellant may properly take the oath according to its true significance and should be permitted to take it. 42 F. (2d) 842, 844, 845. I think that the judgment below should be affirmed.

MR. JUSTICE HOLMES, MR. JUSTICE BRANDEIS and MR. JUSTICE STONE concur in this opinion.