## UNITED STATES v. BEDA.

### No. 193.

Circuit Court of Appeals, Second Circuit.

March 24, 1941.

Nathaniel Phillips, of New York City (Nathaniel Phillips and S. S. Goldsmith, both of New York City, of counsel), for Sabatay Beda, defendant-appellant.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of Brooklyn, N. Y., and Morris K. Siegel, Asst. U. S. Atty., of New York City, of counsel), for the United States of America, complainant-appellee.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a suit by the government to cancel the certificate of naturalization of the defendant, Sabatay Beda, granted under order of the New York Supreme Court entered on November 9, 1927. The suit resulted in a decree cancelling the certificate, from which the defendant has appealed. The decree was granted on the ground that on June 4, 1927, the time when the petition for citizenship was filed, the appellant had not been a resident of the United States during the period of five years immediately preceding. We think that the decision was justified by the evidence and should be affirmed.

The appellant was a Syrian by birth. He emigrated to the United States from The Argentine in 1919, and had become a naturalized citizen of The Argentine in 1918. During the five years preceding June 4, 1927, when he filed his naturalization petition, he was engaged in business both in New York and Cuba and was absent from the United States two years or more in the aggregate. His wife generally went with him and at one time was away from

the United States for a whole year. At the trial he testified that he intended to maintain a continuous residence in, New York, that his trips to Cuba were on temporary business, that he had an automobile in New York which was registered in his own name, that two of his four children were born here, that in 1923 and 1925 he had left his furniture in storage in New York while away on trips to Havana, that on leaving this country he had expected to and did return, and that from the year 1930 down to the time when, the suit to cancel his naturalization was tried he had lived in the United States without intermission.

In September, 1924, and again in September, 1925, and November, 1926, a passport visa was granted to the defendant by the United States Consul at Havana, Cuba. Each visa was granted to the defendant as a non-immigrant upon his affidavit that he considered himself a "non-immigrant" on a temporary visit to the United States for business purposes. The applications for visas were granted upon letters from the defendant's banks that he was to visit the United States temporarily on business. If he had intended to become a resident of the United States the proper document for him to have obtained in each case would have been a reentry permit at the time of leaving the United States, and not a passport visa. As an excuse for using a passport visa at a time when he was claiming to have already become a resident of the United States he said that he informed the United States Consul that he had filed a declaration of intention to become a citizen and had become a permanent resident of New York, but was advised by the Consul to take the position he did. In addition to this conduct, which was inconsistent with that of a person who was permanently domiciled in the United States, the defendant on one occassion obtained a French passport for entry into this country from Cuba though he was then a naturalized citizen of The Argentine and there was no foundation for his claiming to be a French citizen. There also were some inconsistencies in his statements as to the places where he claimed to have lived in New York City.

No alien has the right to naturalization unless he has complied with the statutory requirements. If a certificate of naturalization has been procured when the statutory qualification did not exist in fact it may be cancelled. Proof of fraud in obtaining a certificate is unnecessary to justify cancellation, illegality alone will subject a certificate to successful attack. United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853; United States v. Ness, 245 U.S. 319, 38 S.Ct. 118, 62 L.Ed. 321.

In the case at bar the alien presented his explanations and excuses for obtaining passport visas, instead of reentry permits, and the court apparently did not credit them. We might, or might not, have reached the result that the District Court reached, if we had been the triers of the facts but, upon the record before us, the question of continuous residence was clearly one of fact and we can see no reason for reversing the findings of the district judge.

Decree affirmed.