No. 37,531

In the Matter of the Petition of MARTIN LUDWIG COHNSTAEDT for naturalization, *Appellant,* v. IMMIGRATION AND NATURALIZATION SERVICE OF THE UNITED STATES DEPARTMENT OF JUSTICE, *Appellee.*

(207 P. 2d 425)

Opinion filed June 11, 1949.

*Laurence S. Holmes,* of Wichita, argued the cause and was on the briefs for the appellant.

*V. J. Bowersock,* assistant United States district attorney, argued the cause, and *Lester Luther,* United States district attorney, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Martin Ludwig Cohnstaedt, hereafter referred to as the petitioner, filed his petition in the district court of Barton county,

Kansas, to become a naturalized citizen of the United States. The prayer of his petition was denied and he perfected his appeal to this court.

In a preliminary way it is observed that under article 1, section 8, of the constitution of the United States, the congress shall have power to establish "an uniform Rule of Naturalization" and that it has done so, by an act which provides that a person may be naturalized as a citizen of the United States in the manner and under the conditions prescribed and not otherwise (U. S. C. Title 8, § 701 [b]) and that petitions for naturalization may be filed and shall be docketed the same day as filed, but that final action thereon shall be had only on stated days to be fixed by the rule of the court (U. S. C. Title 8, § 732 [d]). Under previous like statutes the rule of the Barton county district court fixed the first days of the June and November terms, being the first Tuesday in June and the third Tuesday in November in each year as the days for hearing petitions for naturalization and on which dates, and no others, final action would be taken on applications for citizenship.

On May 13, 1947, the petitioner filed his petition and was later examined by an official of the naturalization service, who found that petitioner should not be naturalized. Later, and on November 18, 1947, which was the day fixed by the rule, a hearing was had, at which time the government's adverse recommendation was filed and petitioner and his witnesses testified, and petitioner was given leave to file a brief, and that was done. On February 28, 1948, which was not a rule day, the trial judge filed a written memorandum or decision that under the authority of *Girouard v. United States,* 328 U. S. 61, 66 S. Ct. 826, 90 L. Ed. 1084, petitioner should be admitted to citizenship upon taking the oath. On June 21, 1948, the petitioner filed his motions for judgment and on June 23, 1948, the trial court entered its order denying the petition for naturalization. Petitioner's motion for a new trial was denied, and he filed his notice of appeal.

Petitioner makes some contention that the ruling or decision of the trial court of February 28, 1948, was a final order, and not having been appealed from became a finality, and our attention is directed to certain of our decisions, which need not be reviewed, for they are not in point here. While it is true that jurisdiction to confer citizenship through naturalization proceedings is conferred upon the state court (U. S. C. Title 8, § 701), the procedure to be

followed is that fixed under that act. The Barton county district court had fixed rule days on which dates, and no others, final action would be taken on applications for citizenship. The decision of February 28, 1948, was not on such a date and cannot be given the finality which the petitioner seeks to attribute to it.

Petitioner's principal contention, as stated by him, is that he submitted sufficient evidence to the trial court to show that he is attached to the principles of the United States constitution; that he is a person of good moral character; that he has met all of the requirements of citizenship and his petition should have been granted, and his brief is devoted to a development of that contention, our attention being directed to the evidence and to certain decisions of the supreme court of the United States. At the oral argument petitioner made it clear that he was relying upon the principles laid down in *Girouard v. United States*, supra, and he conceded that if his evidence did not meet the test set forth in that case the judgment of the trial court should be affirmed.

Prior to 1946 the supreme court of the United States had held that an alien who refused to bear arms would not be admitted to citizenship. See *United States v. Schwimmer*, 279 U. S. 644, 49 S. Ct. 448, 73 L. Ed. 889; *United States v. MacIntosh*, 283 U. S. 605, 51 S. Ct. 570, 75 L. Ed. 1302; and *United States v. Bland*, 283 U. S. 636, 51 S. Ct. 569, 75 L. Ed. 1319. In an opinion handed down in 1946, however, that court in *Girouard v. United States*, reconsidered the question, held that the three cases noted above did not state the correct rule of law, which in substance is that an alien who is willing to take the oath of allegiance and to serve in the army as a noncombatant, but who because of religious scruples is unwilling to bear arms in defense of this country, may be admitted to citizenship.

Petitioner contends his evidence showed him to have met the test of the last mentioned case. Assuming that his evidence is to be fully credited, it showed the following: Petitioner was born in Germany in 1917, went to England in 1934, came to the United States in 1937, attended various schools in the United States and since 1946 has been a teacher in Sterling College at Sterling, Kan. Testimony as to petitioner's character and reputation need not be detailed. On his direct examination petitioner stated he subscribed to the principles enumerated in the constitution of the United States, and that he agreed to support and defend the constitution and laws

against all enemies and to bear true faith and allegiance to the United States, and that he made such statements without mental reservations. On cross-examination, a verified statement containing questions asked by an official of the naturalization service and petitioner's answers was introduced into the record and petitioner was examined with respect thereto. No purpose will be served by detailing this examination. Summarized, petitioner stated he believed the existence of armed services was not necessary in a Christian nation, and that he was willing to have repealed all laws providing for armed services; that he was not an ordained minister, but was a member of the Society of Friends; that he was willing to perform any duty which the government required which did not conflict with his religious beliefs, but that he could not contribute anything to be used solely and directly in furtherance of armed conflict; that he was opposed to sending arms and ammunition to our allies in the recent war; that he was not willing to work in a munitions factory in time of war and assist in manufacture of munitions for the purpose of destroying enemy forces whose aim would be to destroy the armed forces of the United States; that in event of war, if it should be permissible for civilians to remove the wounded from a battlefield he would do so, but he would not deliver ammunition to men at the front who were engaged in combat duty. Other evidence need not be noted.

We think the above makes it clear that petitioner is not willing to serve in the army as a noncombatant, and that he is not entitled to be admitted to citizenship; that the trial court did not err in so concluding, and that its judgment should be and it is affirmed.