**Petition of PLYWACKI.**

**No. 12393.**

United States District Court
D. Hawaii.
Oct. 17, 1952.

McLAUGHLIN, Chief Judge.

This petitioner for naturalization is a native and citizen of Poland. Petitioner was in the United States Air Force and prior to discharge in continental United States had been sent to Hawaii from the Far East for naturalization under Section 724(a) of Title 8, United States Code Annotated.

A few moments before the Naturalization Examiner was to present his petition to the Court with a favorable recommendation, the petitioner notified the Examiner that as an atheist he could not and would not take the oath of allegiance prescribed by Section 735 of Title 8, United States Code Annotated. Petitioner offered to take an alternative oath —not the one sanctioned by Section 735 supra designed for conscientious objectors but one composed by himself, as follows:

I Hereby Declare, and affirm in honor and sincerity, that I absolutely and entirely renounce and abjure all allegiance and fidelity to any foreign prince, potentate, state, or sovereignty of whom or which I have heretofore been a subject or citizen; that I will support and defend the Constitution and laws of United States of America against all enemies, foreign and domes-

tic; that I will bear true faith and allegiance to same; and that I take this obligation freely and without any mental reservations or purpose of evasion. In acknowledgement whereof I have hereunto affixed my signature.

Upon the convening of court and after petitioner hesitatingly, but with all others in the class, appeared to have taken a voir dire oath to answer truthfully all questions touching his petition for naturalization, the Examiner called the Court's attention to the fact that the petitioner as an atheist declined to take a prescribed oath of allegiance, and therefore the Examiner was not making any recommendation to the Court but merely inviting the Court's attention to the situation.

The Court called the petitioner forward and questioned him. From his frank answers it clearly appeared that as an atheist he could not take the prescribed oath and he, of course, would not attempt to deceive the Court by taking the oath falsely.

Observing (a) the Declaration of Independence; (b) the inscription of "In God We Trust" upon the Liberty half-dollar and other United States coins; (c) decisions of the Supreme Court of the United States, such as United States v. Macintosh, 283 U. S. 605 at page 626, 51 S.Ct. 570, 75 L.Ed. 1302, and United States v. Bland, 283 U.S. 636, 51 S.Ct. 569, 75 L.Ed. 1319, holding that courts may not make bargains with those who seek the privilege of citizenship but must adhere to the precise terms of the legislative mandate; (d) that no constitutional question of freedom of religion is even remotely involved by an alien atheist seeking naturalization, and the sole question is whether the petitioner believes in all of the principles which delicately support our free government; and (e) that as recently as April 1952 the Supreme Court in Zorach v. Clauson, 343 U.S. 306 at page 313, 72 S. Ct. 679, at page 684, has not deemed it to be old fashioned to declare, "We are a religious people whose institutions presuppose a Supreme Being", Wladyslaw Plywacki's petition for naturalization as a citizen of the United States must be and the same hereby is denied because of his inability to subscribe to a statutory oath of allegiance.