Matthew J. Jasen, J.
The petitioner Di Censo filed a petition for naturalization No. 4770, in the Supreme Court of the State of New York, at Niagara Falls, New York, on May 31,1960.
The matter was originally brought before the court for a hearing during the June 1961 Term at Niagara Falls, New York, *1092 at which an adjournment was granted, and a hearing was held at a Special Term of this court on the 13th and 14th days of July, 1961 at Buffalo, New York.
The Government has recommended that said petition be denied on the ground that the petitioner has failed to establish that he has been a person of good moral character during the period required by law and that, therefore, he is precluded from naturalization.
The Government contends that petitioner gave false testimony under oath in that (1) he denied having been arrested on two or more occasions; (2) he denied any acts of adultery; and (3) he denied having assisted his present wife to evade the immigration laws. The Government also contends that he did in fact commit adultery with a married woman and further that he neglected to properly support his daughter. It is also claimed that petitioner failed to establish that he was lawfully admitted for permanent residence as required by law.
The petitioner denied all of the contentions of the Government. The court will first consider whether the petitioner has lawfully been admitted to the United States for permanent residence. The evidence shows that the petitioner entered the United States as a nonquota immigrant pursuant to section 101 (subd. [a], par. [27], cl. [A]) of the Immigration and Nationality Act (U. S. Code, tit. 8, § 1101, subd. [a], par. [27], cl. [A]) as the spouse of Loretta Mauro, a citizen of the United States. It is the opinion of this court that the petitioner has met the burden of proof required by law to show that he entered the United States lawfully by the introduction into evidence of his nonquota immigrant visa indicating his lawful admission to the United States at Niagara Falls, New York, March 5, 1953 and by the testimony of said Loretta Mauro.
As to the claim of testifying falsely and giving erroneous information concerning his arrests and/or conviction, the petitioner testified that he was not aware that he in fact had been at any time under arrest and that he did not realize that the incidents involving the Judge or police had any criminal implications.
He contends that he had little knowledge of English and that he thought he had to be placed in jail in order to be arrested. The court does not believe there is any merit to these contentions. The evidence discloses that when the Government objected to his first application for naturalization, he withdrew the same because, in part, at least, he failed to state that he had been arrested for nonsupport. In this, his second applica *1093 tion, he admitted his arrest on the aforesaid nonsupport charge hut denied any other arrest; the Government on subsequent investigation ascertained an arrest for assault second and disorderly conduct. With the forewarning of the Government’s objection to his first application, the petitioner certainly was on notice and was aware of the meaning of the word 11 arrest.” Furthermore, section 312 of the Immigration and Nationality Act (U. S. Code, tit. 8, § 1423, subd. [1]) requires “ an understanding of the English language, including an ability to read, write and speak words in ordinary useage in the English language”. This court believes that the word “ arrest ” is one used in ordinary conversation. An applicant who is unable or claims to be unable to understand its meaning fails to meet the requirements of the law. (Matter of Vasicek, 271 F. 326 ; Matter of Scriver, 9 F. Supp. 478.)
Our courts have consistently held that the burden of proof is on the petitioner to establish good moral character. (Preisler v. United States, 238 F. 2d 238 ; United States v. Schwimmer, 279 U. S. 644 ; Maney v. United States, 278 U. S. 17.) Should any doubts exist, they should be resolved in favor of the Government (United States v. Manzi, 276 U. S. 463).
Although the words “ good moral character ” have not been precisely defined by our courts, basically, they mean such conduct which is acceptable to the average citizen of the community in which the alien resides. (Matter of Orphanidis, 178 F. Supp. 872 ; United States v. Francioso, 164 F. 2d 163 ; Repouille v. United States, 165 F. 2d 152.)
This court does not believe that the petitioner’s conduct in frequenting a woman’s apartment, whether she be married or unmarried, after midnight and remaining on the premises for at least several hours, that his denials of arrests and excuses of mistakes and misunderstandings, that his failure to properly support his child and that his assistance in procuring the admission to the United States of his second wife, measures up to the average moral standard of this community. They all tend to show a total disregard of our laws and morals. Certainly, he has presented inadequate proof to establish that he was a man of good moral character.
There is a valid reason for placing the burden of proof on the petitioner for an alien has no inherent right to naturalization. Citizenship is a gift from our Government and a privilege to the applicant. The way to citizenship is made easy to those who qualify therefor. Once it is obtained it is a priceless gift.
Upon all the evidence presented, the court concludes the petitioner has failed to sustain the burden of proof placed upon *1094 him by law by a fair preponderance of the believable evidence to entitle him to citizenship.
Denial of the petition will afford Mr. Di Censo an opportunity to learn what is required of an American so that he might aspire to this minimal moral standard, and at a future date again petition this court when he has attained that standard necessary for admission to citizenship. Petition denied.