**Petition of Magdalena PERDIAK To Be Admitted a Citizen of the United States of America.**

**No. 199824.**

United States District Court
S. D. California,
Central Division.

May 19, 1958.

William D. Spector, Los Angeles, Cal., for petitioner.

Richard C. Hoy, Dist. Director, Los Angeles Dist., Immigration & Naturalization Service, U. S. Dept. of Justice, by Sidney H. Gren, Naturalization Examiner, Los Angeles, Cal., for U. S. A.

TOLIN, District Judge.

The issue to be determined upon this Petition is whether the Petitioner is a person of good moral character. It appears to be the understanding of the Immigration and Naturalization Service that acts committed prior to five years immediately before the filing of the Petition may not be considered. The matters within the past five years which the Service has questioned must be resolved in favor of the Petitioner.

■ The Findings of Fact, Conclusions of Law and recommendation of the designated Naturalization Examiner relate that Petitioner was admitted for permanent residence on November 3, 1951; that in connection with her application for a visa, she falsely stated that she had no children, well knowing that she would be denied a visa if it were known that she was leaving her children behind. It appears inferentially from the Findings that the history of Petitioner's discharge of her maternal relationship to her children was considered by the Service to be outside the relevant area of consideration because the denial that she had children occurred more than five years prior to the filing of the Petition. It evidently did not occur to the designated Naturalization Examiner that the conduct subsequent to, but growing out of, the circumstances leading to the denial might disclose good or bad moral character.

■ It is the essence of good moral character that if a person be a parent of minor children, that person must recognize the parental obligation and, insofar as capable, make reasonable provision for the support and welfare of the minor child or children.[1] It has been held that an alien in this Nation who neglected to support infant children left by him in Norway was not of good character as good character must exist as a prerequisite to admission to citizenship.[2] In this cited case it was said:

"* * * By every law, natural, human, moral, and divine, he is obligated to protect, support, and care for them. Nothing excuses failure to discharge this obligation, and no man who evades it is of good moral character. * * *"

Because the designated Examiner made his Findings inconclusive in this regard, and after definitely finding that the children had been disclaimed in 1951, inferred that they remained in an abandoned status, the Court conducted a hearing to determine what this Petitioner's conduct has been within the area in question.

■ Upon the presentation of evidence, it appears, without contradiction, that upon leaving Hungary Petitioner arranged for the care of the children by her parents; that after coming into the United States, she sent small sums of money at regular semi-annual intervals; and that she shipped some necessities and some small items of luxury to the children and made telephone inquiry of her parents concerning them. Two years ago her application to bring the children into this Nation was approved and they entered the United States for permanent residence. Although the full burden of care of these children has not been carried by the Petitioner, the law only requires the carrying of this burden to a reasonable extent, having in mind the abilities of the parent.

■■ The Court recognizes the rule formalized by statute in both California where Petitioner now resides and Ohio where she formerly resided, that the parent is obligated to provide for the minor children and that wilful failure to do so is a criminal act.[3] Wilful failure by a

---

1. In re Mogus, D.C.W.D.Pa.1947, 73 F. Supp. 150, 152, 153.

2. In re Nosen, D.C.D.Wash.1931, 49 F.2d 817, 818.

3. Cal.Penal Code, § 270; Revised Codes of Ohio, §§ 2903.08, 3113.03, 3113.99.

parent to provide for a minor child is a continuing offense and the immorality inherent in it continues until provision is commenced to be made. One who wilfully fails in this parental duty is, for purposes of the law, immoral and may not be naturalized.

Upon the facts of this case, Petitioner has established that she is a person of good moral character within the meaning of Sec. 316(a) of the Immigration & Nationality Act, 8 U.S.C.A. § 1427. She may appear and be admitted to citizenship with the group of applicants scheduled for admittance on Friday, May 23, 1958, at 9:30 A.M.